**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| ALISA LOCKE, | ) | |
| | ) | No. 6:12-cv-02751-DCN |
| Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Kevin F. McDonald's Report and Recommendation ("R&R") that the court affirm the Commissioner's decision denying claimant Alisa Locke's ("Locke") application for disability insurance benefits ("DIB"). Locke has filed objections to the R&R. For the reasons set forth below, the court does not adopt the R&R and instead reverses the Commissioner's decision and remands the case for further administrative proceedings.

## I.  BACKGROUND

Unless otherwise noted, the background of this case is taken from the R&R.

### A. Procedural History

Locke filed an application for DIB on April 28, 2011, alleging that she became unable to work on April 22, 2011. Tr. 148. The Social Security Administration ("the Agency") denied Locke's application initially and on reconsideration. On August 25, 2011, Locke requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 19, 2012, and, in a decision issued on February 29, 2012, ALJ Thomas G. Henderson determined that Locke was not disabled. The ALJ's finding

1

became the final decision of the Commissioner when the Appeals Council denied further review on July 21, 2012.

Locke filed this action for judicial review on September 21, 2012. On May 8, 2013, Locke filed a brief asking that the court remand her case to the Agency for further proceedings. The Commissioner responded to Locke's brief on June 19, 2013.

On November 13, 2013, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed and Locke's motion to remand be denied. R&R 23. Locke objected to the R&R on December 16, 2013 and the Commissioner filed a short response to Locke's objections on January 2, 104. This matter has been fully briefed and is now ripe for the court's review.

### B. Locke's Medical History

The court adopts the comprehensive description of Locke's medical history found in the R&R and here recites only a few relevant facts. Locke was born on August 21, 1970 and was forty years old on her alleged disability onset date. Tr. 24. She has at least a high school education and past relevant work as a cosmetologist and receptionist. Id.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the

claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her residual functional capacity) and her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Locke was disabled from April 22, 2011, through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Locke did not engage in substantial gainful activity during the period at issue. Tr. 16. At step two, the ALJ found that Locke suffered from the following severe impairments: multiple sclerosis, depression, and borderline intellectual functioning. Id. At step three, the ALJ found that Locke's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 16. Before reaching the fourth step, the ALJ determined that Locke retained the residual functional capacity ("RFC") to perform less than the full range of sedentary work. Tr. 18. Specifically, the ALJ found that Locke could lift and carry up to ten pounds occasionally and a lesser

amount frequently; push and pull within the given weight limits; sit for six hours in an eight-hour work day with normal breaks; stand and walk for up to two hours in an eight-hour workday with normal breaks; never climb ropes, ladders, or scaffolds; occasionally climb ramps and stairs, balance, kneel, stoop, and crouch; never crawl; and never perform overhead work.  Id.  The ALJ further determined that Locke "must avoid exposure to hazards such as unprotected heights and dangerous, moving machinery; must have the option to sit or stand every 30 minutes to one hour; and is limited to simple, routine, repetitive tasks."  Id.  At step four, the ALJ found that Locke was unable to perform any of her past relevant work.  Tr. 24.  Finally, at the fifth step, the ALJ found that Locke could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue.  Tr. 24-25.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of

4

evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if [her] decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Locke objects to the R&R and contends that the ALJ erred in a variety of ways that necessitate remand. Specifically, Locke argues that: (1) the ALJ erred at step three by failing to consider whether Locke's impairments, considered in combination, met or equaled a listing found on the Listing of Impairments; (2) the ALJ improperly weighed Locke's credibility; and (3) the ALJ improperly weighed the medical opinion of Dr. Hamid Bahadori, one of Locke's treating physicians. Because the court agrees with Locke that the ALJ erred at step three, the court need not consider the remainder of Locke's objections.

> Federal law states that:
>
> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 (2013) ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). As the Fourth Circuit has explained, "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).

5

> It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective [sic] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them.

Id. at 50; see also Saxon v. Astrue, 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (collecting cases that describe the importance of analyzing a claimant's impairments both separately and in combination). "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50. This explanation must include more than a "generic declaration that '[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.'" Brown v. Astrue, No. 11-cv-03245, 2013 WL 642189, at *10 (D.S.C. Jan. 31, 2013), adopted by 2013 WL 645958 (D.S.C. Feb. 21, 2013).

In the present case, the ALJ determined at step three of the sequential evaluation process that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 16. This language precisely mirrors the language that was found wanting in Brown. As in Brown and Walker, the ALJ in this case failed to analyze the cumulative effects of Locke's severe impairments. Instead, he simply noted that each of Locke's severe impairments do not, by themselves, meet or equal the listed impairments. This explanation, and the conclusory statement that Locke's combination of impairments does not meet or equal the listed impairments, fails to meet the level of analysis required by Walker and its progeny. As a result, the court cannot

discern whether the ALJ's decision was supported by substantial evidence. Remand is appropriate.

Because this case will be remanded due to the ALJ's failure to consider Locke's severe impairments in combination, the court need not address Locke's remaining objections to the R&R. Upon remand, the ALJ will have the opportunity to consider all of those arguments, which are enumerated above.

## IV.   CONCLUSION

For the reasons set forth above, the court **DOES NOT ADOPT** the magistrate judge's Report & Recommendation, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 6, 2014**
**Charleston, South Carolina**

7