# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ALISA LOCKE, | ) |
| Plaintiff, | ) |
| | ) No. 6:12-cv-2751-DCN |
| vs. | ) |
| | ) **ORDER** |
| NANCY C. BERRYHILL[1], *Acting Commissioner of the Social Security Administration*, | ) |
| Defendant. | ) |

This matter is before the court on a motion for attorney's fees filed by claimant Alisa Locke ("Locke") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Locke requests $5,488.25 in attorney's fees as a prevailing party under the EAJA. ECF No. 44 at 1. Nancy C. Berryhill, Acting Commissioner of the Social Security Administration (the "Commissioner"), argues that Locke is not entitled to such fees and costs because the Commissioner's position in this litigation was substantially justified. The court finds that the Commissioner's position was not substantially justified and grants Locke's attorney fee petition.

## I. BACKGROUND

Locke filed an application for disability insurance benefits ("DIB") on April 28, 2011, alleging disability beginning on April 22, 2011. The Social Security Administration denied Locke's claim initially and on reconsideration. Locke requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on January

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on Jan 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this action."

1

19, 2012. The ALJ issued its decision on February 29, 2012, finding that Locke was not disabled under the Social Security Act. The Appeals Council declined to review the ALJ's decision, and Locke filed the action for judicial review on September 21, 2012. On May 8, 2013 Locke filed a brief asking that the court remand her case for further proceedings. The Commissioner responded to Locke's brief on June 19, 2013. On November 13, 2013, the magistrate judge issued a report and recommendation ("R&R"), recommending that the ALJ's decision be affirmed and Locke's motion to remand be denied. Locke objected to the R&R on December 16, 2013 and the Commissioner filed a response to Locke's objections on January 2, 2014. On March 6, 2014, this court reversed the Commissioner's decision and remanded the case for further administrative proceedings. The court found that the ALJ erred by failing to consider whether Locke's impairments, considered in combination, met or equaled a listing found on the Listing of Impairments. Due to this deficiency, the court concluded that substantial evidence did not support the ALJ's decision.

On April 2, 2014 the Commissioner filed a motion to amend the court's judgment, which the court denied on August 29, 2014. On September 23, 2014 Locke filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner opposed the motion on October 9, 2014, and Locke responded on October 19, 2014.

## II. DISCUSSION

### A. Prevailing Party

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the

government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). To qualify as a "prevailing party," a party "must succeed on the merits of a claim." S-1 By & Through P-1 v. State Bd. of Educ. of N.C., 6 F.3d 160, 170 (4th Cir. 1993) (Wilkinson, J., dissenting), adopted as majority opinion, 21 F.3d 49 (4th Cir. 1994) (en banc). "In other words, success must be something buttressed by a court's authority or required by a rule of law. The lawsuit must materially alter the 'legal relationship' between plaintiffs and defendants." Id. Because this court reversed and remanded Locke's case to the Commissioner for administrative action pursuant to 42 U.S.C. § 405(g), Locke is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

### B. Substantially Justified

The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The government's non-acquiescence in the law of the circuit entitles the claimant to recover

3

attorney's fees." Crawford, 935 F.2d at 658; see also Adams v. Barnhart, 445 F. Supp. 2d 593, 595 (D.S.C. 2006) ("Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified."). There is no presumption that losing the case means that the government's position was not substantially justified. Crawford, 935 F.2d at 656.

The government makes two arguments in opposition to Locke's fee motion: (1) that the government's position was reasonable as evidenced, at least in part, by the fact that the Magistrate Judge found in the Commissioner's favor in all respects and recommended affirming her decision, and (2) that there are competing interpretations of Walker. ECF No. 45 at 4. The court addresses each in turn

### 1. Magistrate Judge's R&R

First, the Commissioner argues the ALJ's failure to explain his finding that Locke's combined impairments did not meet or equal a Listing does not entitle her to attorney's fees when, "at least in part, by the fact that Magistrate Judge McDonald found in the Commissioner's favor in all respects and recommended affirming her final decision." ECF No. 45 at 4. Locke argues that the Commissioner's objection to awarding attorney's fees based on a favorable R&R is unreasonable. ECF No. 46 at 2.

The court in unaware of any precedent that a favorable R&R in and of itself is sufficient to satisfy the "substantial justification" standard for an EAJA fee motion. Certainly, courts have found that a favorable R&R may weigh in favor of finding that the government was substantially justified in taking a certain position. See Mckoy v. Colvin, 2013 WL 6780585, at *3 (D.S.C. Dec. 19, 2013) (finding that an R&R which affirmed

the Commissioner's position was one factor—but not the determinative factor—to suggest the Commissioner's position was substantially justified). However, as explained below, the Commissioner fails to provide any other factors that in combination with a favorable R&R would suggest that the Commissioner's position was substantially justified.

### 2. Competing interpretation for combination of impairments

Second, Locke argues that she is entitled to receive attorney's fees under the EAJA as the prevailing party because the ALJ failed to properly consider Locke's severe impairments in combination, and that this was not a substantially justified position for the government to take. ECF No. 46 at 2. The court agrees.

The requirement that an ALJ must consider the combined effects of the claimant's impairments is well-established. Under the applicable regulations, the ALJ shall consider the combined effect of all the individual's impairments "without regard to whether any such impairment, if considered separately, would be of such severity." 20 C.F.R. § 404.1523 (2013). The Fourth Circuit has held that "in evaluating the effect of various impairments, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). In Walker, the ALJ found the claimant suffered several ailments and noted the effect of each impairment separately, concluding "that the claimant did not have an impairment or combination of impairments listed in, or medically equal to, one listed [in the appendix.]" Id. In rejecting the ALJ's conclusion, the Walker court found that the ALJ neither analyzed nor explained his evaluation of the cumulative effect of the claimant's impairments. Id. at 49–50. Under the applicable regulation and Walker, it is

clear that the ALJ must consider the combined effect of these impairments in determining the claimant's disability status.

The Commissioner argues there are competing interpretations of Walker. In support of this proposition, the Commissioner cites to this court's order denying the Commissioner's Motion to Amend, which noted that "district courts within the circuit have developed competing interpretations of Walker's holding." ECF No. 45 at 4. However, in so doing the Commission fails to address this court's explanation on that point—that the court was more persuaded by the line of cases interpreting Walker that required more discussion by the Agency. ECF No. 42 at 3–4. Instead, the Commission cites to Tenth Circuit cases for the proposition that "when governing law is unclear or in flux, it is more likely that the government proposition is substantially justified." ECF No. 45 at 4. Certainly, when governing law is actually unclear this court agrees that it is more likely to find that the government's position is substantially justified. But historically, courts within this district have been quite clear in interpreting Walker to require an explanation of combined effect of impairments and in turn consideration of individual impairment is insufficient. See e.g., Brown v. Astrue, 2013 WL 642189, at * 9 (D.S.C. Jan. 31, 2013), adopted by 2013 WL 645958 (D.S.C. Feb. 21, 2013) (holding that Walker requires the ALJ to consider "the combined effect of these impairments in determining the claimant's disability status"); Saxon v. Astrue, 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (collecting cases in this district finding that Walker requires adequate explanation and evaluation, which includes an explanation of the ALJ's evaluation of the combined effect of the claimant's impairments); Alonzeau v. Astrue, 2008 WL 313786, at *3 (D.S.C. Feb. 1, 2008) (reaffirming its commitment to enforcing the requirements of

Walker that the ALJ "make express his treatment of the combined effects of all impairments"); Lemacks v. Astrue, 2008 WL 2510087 at *4 (D.S.C. May 29, 2008) (holding that a conclusory statement followed by an evaluation that progresses through each severe impairment individually is "not sufficient to foreclose disability" under Walker).

A review of the record reveals that the ALJ failed to properly consider Locke's impairments in combination as required by Walker. Indeed, the ALJ's explanation for his decision consisted entirely of the following:

> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."

Tr. 16. The Commissioner now argues that this court has previously required that a claimant make some showing that further discussion of their combined impairments would affect the outcome citing cases were the court has found a "harmless" error where the ALJ's explanations was "too thin" or should be "more thorough." ECF No. 45 at 5. However, the depth and substance of the analysis was not at issue in this case. Rather, what concerned the court was that the ALJ failed to account for "combined impairments." Like in Brown, the ALJ included no findings regarding the combined effect of claimants physical and mental impairments, or even any findings <u>suggestive</u> of consideration of the combined impairments, other than the ALJ's generic declaration that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526)." Tr. at 16. Such a statement is insufficient under Walker. See Lucas v. Astrue, 2012 WL 265712, at *14 (D.S.C. Jan. 23, 2012) ("[E]ven

7

if such boilerplate verbiage could suffice to demonstrate the ALJ considered all of Plaintiff's impairments, it does not purport to indicate he considered all impairments in combination.").

In line with Walker and its progeny in this district, after carefully considering the circumstances of this case, the court concludes that the government's position was not "substantially justified" as required to avoid a fee award. Accordingly, Locke's motion for attorney's fees is granted in full.

### III. CONCLUSION

For these reasons, the court concludes that the Commissioner has not met its burden of showing that its position was substantially justified. The court does not find any special circumstances that make an award of attorney's fees unjust. Therefore, the court **GRANTS** Locke's motion for attorney's fees in the amount of $5,488.25.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 25, 2017
Charleston, South Carolina**